UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LIVINGSTON COUNTY,

       Plaintiff,                           Case No. 10-12779
                                                      HON. BERNARD A. FRIEDMAN
vs.

HEALTH PROFESSIONALS, LTD.,
CINCINNATI INSURANCE COMPANY,
and HARTFORD FIRE INSURANCE
COMPANY,

       Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT HEALTH PROFESSIONALS, LTD'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 52(b), 54(b) AND 59(e) OR FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)**

## I. Introduction

Before the Court is Defendant Health Professionals, Ltd.'s Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 52(b), 54(b) and 59(e) or for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b). Plaintiff filed a response, and Defendant filed a reply. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court shall decide this motion without oral argument.

Defendant's motion addresses the Court's January 18, 2011 denial of Defendant's motion for summary judgment, and its March 14, 2011 granting of Plaintiff's cross-motion for summary judgment.

## II. Analysis

Defendant moves for reconsideration, citing Fed. R. Civ. P. 52(b), 54(b) and 59(e) and

1

60(b). Motions under Rule 60(b)(6) do not have a time limit, but a movant is required to demonstrate extraordinary circumstances which would justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535(2005). Relief under Rule 60(b)(6) should be granted only in unusual and extreme situations where principles of equity mandate relief.  GenCorp., Inc. v. Olin Corp., 477 F.3d 368, 373 (6th Cir.2007).

Motions under Rule 59(e) have a time limit, which the Court finds has not been violated, but such motions may only be granted under limited circumstances: 1) because of an intervening change in controlling law; 2) because evidence not previously available has become available; or 3) to correct a clear error of law or prevent manifest injustice.  Nagle Industries, Inc. v. Ford Motor Co., 175 FRD 251, 254 (E.D.Mich. 1997).

However, as Plaintiff points out, Defendant is really seeking reconsideration of the Court's order dismissing the case. The motion is therefore more properly governed by E.D. Mich. LR 7.1(h) which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F.Supp. 262, 278 (E.D.Mich.1997) (citing Webster's New World Dictionary 974 (3rd ed.1988)).

As an initial matter, Defendant's  motion for reconsideration under LR 7.1(h), is untimely because it was not filed within fourteen days of the Court's decision. See E.D. Mich. LR 7.1(h)(3).

Additionally, Defendant's motion fails on the merits as both a motion for reconsideration and a motion pursuant to Fed. R. Civ. P. 52, 54, 59 and 60.  Defendant's motion reasserts the arguments that it previously made, both in its own motion for summary judgment and in its response to Plaintiff's cross-motion for summary judgment.  The Court fully considered those arguments prior to issuing its rulings, and Defendant's reassertion of those arguments and/or new arguments not previously made but which could have been made is unavailing.  As such, Defendant's motion fails to demonstrate clear errors of law, palpable defects or unusual and extreme situations where principles of equity mandate relief, as required under the relevant standards of review, outlined *supra*.

### III.    Order

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 52(b), 54(b) and 59(e) or for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b) is DENIED.


Dated: May 20, 2011                      S/Bernard A. Friedman_____
       Detroit, Michigan                 BERNARD A. FRIEDMAN
                                         UNITED STATES DISTRICT JUDGE